**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

v.                                                                    CASE NO:  8:07-CR-272-T-30TBM

BRIAN EUGENE TAYLOR,

     Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Dismissal or to Quash Indictment for Fraud; Lack of Subject Matter Jurisdiction and In-Personam Jurisdiction Pursuant to 28 U.S.C. § 1867(e) and Fed.R.Civ.P. 60(b)(4) and 60(b)(6) (Dkt. #39).  The motion is not easy to decipher but it appears that Defendant is claiming his criminal conviction is void because the indictment against him was issued by a grand jury that was not impaneled by the Court.

Specifically, Defendant points to the docket in his criminal case where it is lists "only a (sic) Indictment." "This clearly shows with evidence that the U. S. Attorneys take it upon themselves to commence and inpanel (sic) a grand jury without the authorization of the Court, or without showing the court probable cause as to how the public interest requires the court to commence and impanel a grand jury hearing pursuant to Fed.R.Crim.P. 6(a)." Motion, p. 4.

Federal Rule of Criminal Procedure 6 provides in pertinent part as follows:

**Rule 6. The Grand Jury**
    **(a)**    **Summoning a Grand Jury.**
    **(1)**    **In General.**  When the public interest so requires, the court must order that one or more grand juries be summoned. A grand jury must have 16 to 23 members, and the court must order that enough legally qualified persons be summoned to meet this requirement.

Defendant is mistaken about the grand jury that returned his indictment. His grand jury was in fact impaneled by a U. S. District Judge (Judge Merryday) on July 26, 2006. The grand jury returned his indictment in open Court on June 28, 2007. Defendant was arrested on July 2, 2007, appointed counsel, and pled guilty on September 5, 2007. His guilty plea was accepted by this Court. He was sentenced on December 18, 2007.

Defendant's motion is without merit and will therefore be denied.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Dismissal or to Quash Indictment for Fraud; Lack of Subject Matter Jurisdiction and In-Personam Jurisdiction Pursuant to 28 U.S.C. § 1867(e) and Fed.R.Civ.P. 60(b)(4) and 60(b)(6) (Dkt. #39) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on June 29, 2011.

                                    JAMES S. MOODY, JR.
                                    UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record

F:\Docs\2007\07-cr-272.dismiss 39